UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB DAVID WOOLERY,<br><br>Plaintiff,<br><br>v.<br><br>SHASTA COUNTY JAIL, et al.,<br><br>Defendants. | No. 2:21-cv-0166 DB P<br><br><br><br>ORDER |

Plaintiff, a county prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants have interfered with his right to file grievances and to apply for parole. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 11), his motion for discovery (ECF No. 8), his motion to appoint counsel (ECF No. 10), and his amended complaint for screening (ECF No. 1). For the reasons set forth below, the court will grant the motion to proceed in forma pauperis, deny the motions for discovery and to appoint counsel, and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 11.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

1

accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.  Allegations in the Complaint**

Before, the court had the opportunity to screen the original complaint, plaintiff filed an amended complaint. Because an amended complaint supersedes any prior complaint Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), the court will screen the amended complaint.

3

Plaintiff states the events giving rise to the claim occurred while he was an inmate at the Shasta County Jail. (ECF No. 9 at 1.) Plaintiff has identified the following defendants: (1) Shasta County Sheriff, Eric Magrini; (2) Facility Manager, Marlar; (3) Welpath Corp. administrator, Keri; (4) watch commander Jesse Webb. (Id. at 2.)

Plaintiff states that he has been in custody since June 3, 2020. (Id. at 3.) He states that during that time he has been in agonizing pain due to cavities. Plaintiff was seen by a dentist in August of 2020. The dentist told him he needed to have the cavities filled that he would make an appointment in about three weeks. In September plaintiff began asking about the appointment. He was told the county jail would not fix his cavities. Dr. Ramos told plaintiff he could have the teeth extracted or pay an outside dentist to have the cavities removed.

In October, plaintiff was seen by a different dentist who told plaintiff Shasta Jail policy was emergency extraction only. Plaintiff requested to see the dentist again in February 2021 because he was still in pain. (Id. at 4.) The dentist did a fluoride treatment on one tooth, giving plaintiff "very little relief." In April, plaintiff asked to see the dentist again and was told he has no dental issues and that Shasta County Jail no longer has a dentist.

Around April 15, 2021, one of the teeth plaintiff needed to have fixed broke in half and came out. Plaintiff believes that he will lose his tooth and that if he had received dental treatment earlier the tooth could have been saved. Plaintiff alleges that because he has had issues with the grievance system, he wrote letters to Marlar, Magrini, Keri, and the county council.

Plaintiff states that Webb closes grievances at the direction of Marlar to lower the number of grievances filed. (Id. at 5.) He alleges they take every grievance he files and turn them into requests.

Plaintiff states he is serving a five year and eight-month sentence pursuant to California Penal Code § 1170(h)(5)(A) under the custody of Shasta County Sheriff Eric Magrini. (Id. at 6.) He states Shasta County will not allow him to apply for county parole. Jesse Webb told plaintiff there is no such thing as county parole and that no county offers county parole. Plaintiff argues Webb is incorrect because he has proof that Lassen County offers county parole.

////

### III. Does the Complaint State a § 1983 Claim?

#### A. Failure to Provide Adequate Dental Care

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prisoner officials responded to the serious medical need with deliberate indifference. See Id. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff's allegation that he was denied adequate dental treatment that has caused one of his teeth to become irreparably damaged is sufficient to show a violation of his Eighth Amendment rights. However, in order to state a § 1983 claim plaintiff must show a connection between the defendant's action and the alleged rights violation. Rizzo v. Goode, 423 U.S. 362 (1976). It is not clear from the allegations in the complaint, how the identified defendants'

actions led to the alleged rights deprivations. In any amended complaint, the connection must be specifically alleged.

### B. Failure to Process Plaintiff's Grievances

A "grievance procedure is a procedural right only; it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). Even the failure of officials to properly implement an administrative appeals process within a facility does not raise constitutional concerns. Young v. Aramark Food Service Provider, No. CIV S-11-0505 GGH P, 2011 WL 1740609, at *3 (E.D. Cal. May 4, 2011) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

Plaintiff's allegation that officers have failed to properly process his grievances does not state a cognizable claim. Olivas v. Jane Doe Health Care Appeals Coordinator, No. 1:09-cv-1522 SMS PC, 2009 WL 3273225, *2 (E.D. Cal. Oct. 9, 2009) (finding plaintiff's allegation that defendants failed to process his grievance did not state a claim for violation of federal law).

### C. Failure to Offer Parole

Plaintiff alleges that defendants have failed to allow him to file for county parole or sheriff's parole. He states officer Webb informed that there is no such thing as county parole. Plaintiff states officer Webb is incorrect, and the county is required to offer parole.

Plaintiff's claim is not cognizable under § 1983 because it asserts only a violation of state law. Section 1983 provides a remedy only for violation of the Constitution or law or treaties of the United States. Swarthout v. Cooke, 562 U.S. 216, 222 (2011) (the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts). "'To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress.'" Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996)).

Whether or not Shasta County are complying with state law is not an issue that may be raised in a § 1983 action in this court. Cf. Ransom v. Adams, 313 Fed.App'x 948, 949 (9th Cir. 2009) (affirming dismissal of petitioner's claims that he was entitled to compassionate release because an assertion that officials failed to follow state law is not cognizable in federal court). Because plaintiff's claim that he has been denied parole states only a violation of state law, it cannot state a cognizable claim. Plaintiff should not include this claim in any amended complaint.

**IV.     Amending the Complaint**

As set forth above, the amended complaint does not state a cognizable claim. However, plaintiff will have the opportunity to file an amended complaint.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**MOTION FOR DISCOVERY**

Plaintiff seeks production of documents pursuant to Federal Rule of Civil Procedure 34. (ECF No. 8.) Plaintiff specifically requests "any and all grievances, complaints or other documents received by jail staff." Any motion for discovery is premature because plaintiff has not yet stated a potentially cognizable claim. The court will deny plaintiff's motion without prejudice to its renewal at a later stage of the proceedings.

**MOTION TO APPOINT COUNSEL**

Plaintiff has filed a motion for the appointment of counsel. (ECF No. 10.) In support of his motion he argues he is unable to afford counsel, the issues in his case are complex, he has limited access to the law library, he has attempted to find an attorney, he has limited knowledge of the law, and his case involved medical issues that may require expert testimony.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490

U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff has stated nothing more than circumstances common to most inmates. Additionally, because plaintiff has yet to state a cognizable claim, the court cannot make a determination on his likelihood of success on the merits of his claim. Accordingly, the court will deny the motion to appoint counsel without prejudice to its renewal.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's amended complaint (ECF No. 9) is dismissed with leave to amend.
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint

////

must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

5. Plaintiff's motion to compel discovery (ECF No. 8) is denied without prejudice.

6. Plaintiff's motion to appoint counsel (ECF No. 10) is denied without prejudice.

7. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: May 13, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/wool0166.scrn.disc