UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB DAVID WOOLERY, | No. 2:21-cv-0166 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| SHASTA COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff claims that defendants prevented him from receiving timely medical treatment. Presently before the court is plaintiff's motion requesting the appointment of counsel. (ECF No. 25.)

In support of his motion plaintiff argues that counsel should be appointed because he is incarcerated, he is unable to afford counsel, he no legal education, the issues in the case are complex and may require expert testimony, discovery will be required, and he has attempted to contact attorneys to handle his case but has not heard back. (ECF No. 25 at 1-2.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

1

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. The arguments presented in support of plaintiff's motions are circumstances common to most inmates. Additionally, at this stage of the proceedings, the court cannot determine plaintiff's likelihood of success on the merits. Thus, the court will deny the motion without prejudice to its renewal at a later stage of the proceedings.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 25) is denied without prejudice.

Dated: January 3, 2021

/s/DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/wool0166.31(3)