UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB DAVID WOOLERY, | No. 2:21-cv-0166 TLN DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SHASTA COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff, a former county prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants failed to properly consider his grievances, refused to give him a parole form, and failed to provide adequate dental treatment. For the reasons set forth below, the undersigned will recommend that this action be dismissed for failure to prosecute and failure to comply with court orders.

**I.     Defendants' Motion to Continue**

Defendants request that the court issue an order extending the deadlines for conducting discovery and filing pre-trial motions. (ECF No. 34.) In support of their motion, they argue that good cause exists to modify the discovery and scheduling order because plaintiff has failed to comply with discovery obligations. (Id. at 4.)

In light of the recommendation, as set forth below, that this action be dismissed, the court will grant in part defendants' motion and vacate the current deadlines. If the findings and

1  recommendations are not adopted, the court will issue new deadlines for conducting discovery
2  and filing dispositive motions.

3  **II.   Defendant's Motion to Compel and for Sanctions**

4  Defendants seek an order compelling plaintiff's attendance at a deposition and for
5  monetary sanctions. (ECF No. 33.) Defendants sent notice of the deposition to plaintiff's address
6  of record as well as another mailing address he may be associated with. (ECF No. 33 at 4.) The
7  deposition was set for April 14, 2022, plaintiff failed to attend. (Id. at 4-5.) Defendants seek an
8  order compelling plaintiff's attendance and an award of monetary sanctions for reasonable
9  expenses incurred due to plaintiff's failure to appear at the deposition. (Id. at 5.)

10  **A. Motion to Compel**

11  Defendants have the right to take plaintiff's deposition under the Federal Rules. See Fed.
12  R. Civ. P. 30(a). Additionally, the discovery and scheduling order provided that defendants could
13  depose plaintiff provided that at least fourteen days before such deposition, they served plaintiff
14  with the notice required by Federal Rule of Civil Procedure 30(b)(1). (ECF No. 24 at 5 ¶ 4.)
15  Further, the court may order a party to attend a deposition. Sali v. Corona Regional Medical
16  Center, 884 F.3d 1218, 1222 (9th Cir. 2018) (citing Fed. R. Civ. P. 30).

17  Plaintiff is required to cooperate in discovery, which includes sitting for a deposition.
18  Should he fail to participate in a properly noticed deposition, he may be subject to sanctions,
19  including, but not limited to, a recommendation that this action be dismissed. Fed. R. Civ. P.
20  37(b)(2)(A). However, because this order recommends that this action be dismissed it will deny
21  the motion to compel as moot. In the event the findings and recommendations are not adopted,
22  defendants may file a renewed motion to compel.

23  **B. Request for Sanctions**

24  Federal Rule of Civil Procedure 37(d) provides that if a party fails to appear at a duly
25  noticed deposition, the court may order sanctions. Fed. R. Civ. P. 37(d)(3); Lew v. Kona
26  Hospital, 754 F.2d 1420, 1426 (9th Cir. 1985); Sali v. Corona Regional Medical Center, 884 F.3d
27  1218, 1222 (9th Cir. 2018). However, courts frequently refuse to impose monetary sanctions on
28  indigent parties. Hammler v. Franklin, No. 2:18-cv-5525 JGB (SP), 2021 WL 5238579 at *4

(C.D. Cal. Sept. 9, 2021) (citing Davis v. Morris, No. LA CV 13-08807-VBF-CW, 2014 WL 1364895 at *3 (C.D. Cal. Apr. 4, 2014); Thomas v. Gerber Productions, 703 F.2d 353, 357 (9th Cir. 1987)); see also Lucero v. Pennella, No. 1:18-cv-01448 NONE SAB, 2020 WL 4059552 at *4 (E.D. Cal. July 20, 2020) (declining to impose monetary sanctions for failure to appear for a deposition in light of plaintiff's pro se and previously incarcerated status); Leonard v. Kaur, No. 2:19-cv-2271 DMC P, 2021 WL 242739 at *2 (E.D. Cal. Jan. 25, 2021) (declining to order sanctions or expenses given plaintiff's status as a prisoner proceeding in forma pauperis).

Because plaintiff was formerly incarcerated and is proceeding in forma pauperis, the court will deny defendants' request for monetary sanctions.

### III.  Plaintiff's Failure to Oppose Defendants' Motions or Respond to Court Orders

On February 16, 2022, defendants Magrini and Marlar filed motions to compel plaintiff's responses to discovery. (ECF Nos. 27, 28.) Plaintiff has not filed an opposition or statement of non-opposition to defendants' motions to compel. Counsel for defendant Rubalcava filed a notice indicating that plaintiff has been released from custody. (ECF No. 30 at 2.) Jail records[1] also reflect that plaintiff is no longer incarcerated at Shasta County Jail. Plaintiff has not updated his address as required by Eastern District of California Local Rule 183(b).

By order[2] dated May 11, 2022, plaintiff was ordered to file an opposition or statement of non-opposition to defendants' motions to compel within thirty days. (ECF No. 32.) He was also advised that failure to comply with the order would result in a recommendation that this action be dismissed for failure to comply with court orders and failure to prosecute. (Id.) Those thirty days have passed, and plaintiff has not filed an opposition, statement of non-opposition, updated his address, or otherwise responded to the court's order. In light of plaintiff's failure to respond to

---

[1] The court may take judicial notice of information stored on the Shasta County Sheriff's inmate locator website. See In re Yahoo Mail Litig., 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (a court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); Louis v. McCormick Schmick Restaurant Corp., 460 F. Supp. 2d 1153, 1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

[2] The May 11, 2022, order was not returned as undeliverable and pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

3

court orders and for the reasons set forth below, the court will recommend that this action be dismissed.

**A. Legal Standards**

"District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." Bautista v. L.A. Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)). Involuntary dismissal is one of the harshest sanctions at a trial court's disposal, since it denies the plaintiff his day in court; and as a result, it is reserved for use only in the most extreme circumstances. Fed. R. Civ. P. 41(b); Thompson v. Housing Auth. of L.A., 782 F.2d 829, 831 (9th Cir. 1986). In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. Ferdik, 963 F.2d at 1260-61.

**B. Analysis**

**1. Public's Interest in Expeditious Resolution of Litigation**

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

This action has been pending since December 30, 2020.[3] (ECF No. 1 at 5.) Defendants' first motions to compel were filed on February 16, 2022, more than four months ago. (ECF No. 27, 28.) Plaintiff filed a motion for the appointment of counsel on December 12, 2021. (ECF No. 25.) Since that time he has failed to update his address and has not responded to defendants' discovery requests or orders from the court. Those failures have prevented this action from moving forward. Accordingly, this factor favors dismissal.

////

---

[3] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

### 2.  Court's Need to Manage its Docket

"District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1961)).

As set forth above, plaintiff has not participated in discovery or responded to court orders since December 2021.  Thus, it appears he has lost interest in litigating this action.  Further, time spent by the court on this action would consume scarce judicial resources[4] in addressing litigation which plaintiff demonstrates no intention to pursue.  Accordingly, this factor weighs in favor of dismissal

### 3.  Risk of Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone v. U.S. Postal Service, 833 F.2d 128, 131 (9th Cir. 1987)).  The "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991.)

Plaintiff's failure to participate in discovery has prejudiced defendants because it impairs defendants' ability to determine relevant defenses to plaintiff's claims and has delayed resolution. See Kirkelie v. Thissell, No. 1:15-cv-00735 DAD SAB (PC), 2018 WL 1272227 at *2 (E.D. Cal. Mar. 9, 2018) (Plaintiff's failure to respond to discovery requests "significantly impairs the Defendants' ability to go to trial and to determine whether Plaintiff has adequately exhausted administrative remedies and to make rightful and informed decisions as to whether this affirmative defense should be explored. Plaintiff['s] failure to respond to discovery has created an unreasonable delay, which in turns creates a presumption of prejudice."); see also Granderson v. California Corrections Rehabilitations, No. 2:19-cv-2211 JAM AC, 2022 WL 2333964 at *3

---

[4] "Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters." Cortez v. City of Porterville, 5 F. Supp. 3d 1160, 1162 (E.D. Cal. 2014).

(E.D. Cal. June 28, 2022) (finding plaintiff's failure to respond to discovery requests and refusal to attend a properly noticed deposition was prejudicial to defendants).  Accordingly, this factor weighs in favor of dismissal.

### 4. Availability of Less Drastic Alternatives

Warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement.  Malone, 833 F.2d at 132 (citing Buss v. Western Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir. 1984)).

Plaintiff was previously advised that failure to respond to the court's order would result in a recommendation that this action be dismissed.  (ECF No. 32.)  Additionally, the Local Rules advise plaintiff that the court may dismiss an action for failure to prosecute if they fail to keep the court advised as to his current address.  E.D. Cal. Local Rule 183(b).  In light of these warnings, this factor weighs in favor of dismissal.

### 5. Public Policy Favoring Disposition of Cases on Their Merits

Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal.  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).  The undersigned finds that four of the five Ferdik factors supports dismissal, and thus, outweigh the general public policy favoring disposition on the merits.  See Ferdik, 963 F.2d at 1263.

### IV.  Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendants' motion to continue discovery and dispositive motions (ECF No. 34) is granted.  The deadlines set forth in the November 30, 2022, discovery and scheduling order are vacated.  If these findings and recommendations are not adopted, the undersigned will issue an amended discovery and scheduling order with new deadlines.

2. Defendants' motion to compel and for sanctions (ECF No. 33) is denied.

IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 6, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/wool0166.no oppo.fr